UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETR KRATOCHVIL,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
MICROSOFT CORPORATION,

    Defendants.

No. 12cv368

District Judge Robert W. Gettleman

Magistrate Judge Susan E. Cox

MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

Plaintiff Petr Kratochvil was a sales manager at defendant Microsoft Corporation ("Microsoft") until February 16, 2011 when he was terminated.[1] A week prior to his termination, plaintiff had emailed Microsoft requesting an application for short and long-term disability benefits because he suffered from severe chronic back pain.[2] His two claims for benefits were denied by defendant Prudential Insurance Company of America ("Prudential") - who administered benefits on Microsoft's behalf - on April 11, 2011 and July 1, 2011.[3] Both denials claimed that because plaintiff was no longer an active employee, he was ineligible for benefits.[4] Plaintiff then filed suit under the Employee Retirement Income Security Act ("ERISA")[5] claiming he is due benefits because he had become disabled - and applied for disability benefits - prior to his termination.

---

[1] Pl's Compl. ¶8, 23.
[2] Pl's Compl. ¶¶8, 21.
[3] Pl's Compl. ¶¶10-11.
[4] Pl's Compl. ¶¶10-11.
[5] 29 U.S.C. §1132(a)(1)(B)).

Before us now is Prudential's motion for a protective order to limit discovery in this case. Prudential argues that plaintiff should be barred from taking the deposition of Prudential employee Meredith Formon, who participated in the handling of plaintiff's claim. First, with respect to the short-term disability claim ("STD"), Prudential argues that Ms. Forman's testimony is irrelevant because the merits of plaintiff's alleged disability were not reached. He was simply denied benefits because he was no longer an active employee. Second, regarding the long-term disability claim ("LTD"), Prudential asserts that under the *de novo* standard of review the only issue is whether the Court believes plaintiff met the LTD plan's definition of "disability." Because Ms. Formon would be testifying about how Prudential *reviewed* the merits of plaintiff's claim, it is also irrelevant to the ultimate question of whether plaintiff is disabled under the plan.

**I.      Short-Term Disability Claim**

Plaintiff concedes that if the STD claim is governed by ERISA, it is subject to the arbitrary and capricious standard of review. Under that standard, discovery is limited to the "administrative record" only, making the deposition of Ms. Formon irrelevant. But plaintiff argues that the STD plan is not an ERISA plan but, rather, a "payroll practice" exemption. (Plaintiff alleges this in Count II of his complaint, asserting that Microsoft "breached Plaintiff's employment contract by unjustifiably denying Plaintiff's STD benefits claim.").

Prudential counters that, first, Microsoft is the only defendant to this claim and, second, that the merits of the STD claim were never reached so discovery on the decision is irrelevant. Prudential also urges us to hold any decision on Ms. Formon's deposition until there has been resolution of Microsoft's pending motion for judgment on the pleadings.

In response to Prudential's first argument, plaintiff offers to either subpoena Ms. Formon's

deposition or amend Count II of his complaint to name Prudential as a party. Those are procedural steps plaintiff can easily take. Addressing the merits, the parties agree that if indeed the STD plan is exempt from ERISA, it would be subject to state contract law. To determine whether it is exempt, we review the regulations themselves. ERISA regulates "employee welfare benefit plans" that include plans for employees in the event of sickness or disability. The Department of Labor regulations, which implement ERISA, indicate that "employee welfare benefit plans" do not include,

> [p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment);[6]

Though our circuit has not addressed this, plaintiff cites several cases from other jurisdictions that read this language to mean these plans are "exempted from coverage under ERISA because, 'although related to benefits described in [section 3(1) of ERISA], [they] are more closely associated with normal wages or salary.'"[7] Similar to the plans outlined in these cases, the STD policy here provided for paid leave, at the rate of 75% of the employee's salary, for up to 24 weeks, and does not effect vesting or participation in the 401(k) plan.[8] One principal factor appears to also be the plan's source of funding. Plaintiff discusses this point, noting that Microsoft's documents indicate that the STD benefits are paid through payroll. But plaintiff admittedly cannot confirm whether the benefits are paid from Microsoft's general assets or from a separate trust. One court has held that a STD benefits plan will meet the definition of a payroll practice exempt from ERISA if the benefits

---

[6] 29 C.F.R. § 2510.3-1(b)(2).
[7] *See, e.g., Bassiri v. Xerox Corp.,* 463 F.3d 927, 929 (9th Cir. 2006)(citing 40 Fed.Reg. 34256 (Aug.15, 1975)); *see also Marshall v. Whirlpool Corp.,* No. 07cv534-JHP, 2009 WL 1939922, *4 (N. D. Okla., July 6, 2009)(citing same).
[8] Def's mt., exh. 2, p. 2-3, dkt. 29.

are funded through the company's general assets, regardless of whether the money is paid "out of a designated account used for the payment of claims."[9]

Perhaps more importantly, Prudential does not object to plaintiff's interpretation that the STD claim is a payroll practice exemption. Indeed, Ms. Formon indicated in her claim notes that plaintiff's STD claim was a "non-ERISA case."[10] And in a non-ERISA context, the plan is subject to state contract law.[11] We then simply apply the Federal Rules of Civil Procedure to this discovery question.[12]

Putting aside the argument that Prudential is not a named defendant on this count, Prudential's only opposition to discovery on the STD claim is relevance. Prudential argues that because the merits were never reviewed by Prudential - it was simply denied outright because of plaintiff's termination - Ms. Formon's deposition is irrelevant to the STD claim. Our review of the complaint shows that during the appeal of the denial of his STD and LTD claims, plaintiff "provided medical records confirming his total disability prior to his February 16, 2011 termination from Microsoft."[13] Two months later Prudential notified plaintiff of its decision to uphold its denial of both his claims, arguably after it reviewed the merits of *both* his claims. This would, of course, potentially implicate Ms. Formon.

But this still does not speak to the ultimate question of relevance because the STD benefits terminate at the end of employment. Plaintiff would necessarily have been denied STD benefits

---

[9] *Marshall,* No. 07C534-JHP, 2009 WL 1939922 at *4.
[10] Pl's resp., exh. B, dkt. 38.
[11] *See Bragg v. ABN AMRO North Am., Inc.,* 579 F. Supp.2d 875, 890 (E.D. Mich. 2008)(applying state law principles to a non-ERISA claim); *see also Schultz v. Prudential Ins. Co. of Am.,* 678 F.Supp.2d 771 (N.D. Ill. 2010)(noting that non-ERISA claims are based on state law instead of ERISA).
[12] *See also Krolnik v. Prudential Ins. Co. of Am.,* 570 F.3d 841, 843 (7th Cir. 2009)(relying on Federal Rules of Civil Procedure even in an ERISA case).
[13] Pl's Compl. ¶12.

simply because he was no longer employed. We have to agree with Prudential that nowhere does plaintiff explain how Ms. Formon's testimony is relevant to his STD claim. Because, as in any case, discovery "may be curtailed to the extent that the Rules of Civil Procedure allow,"[14] without more from plaintiff we find ourselves with no impetus to allow this deposition.

## II.     Long-Term Disability Claim

The parties agree that plaintiff's claim for LTD benefits is subject to the *de novo* standard of adjudication. But what that means for purposes of discovery is disputed. Prudential argues that what happened before the plan administrator is irrelevant, even under this standard. Whereas plaintiff asserts that the possibility that a plan administrator acted under a conflict of interest remains a relevant factor when deciding whether to allow discovery.

Both positions have been taken by the Seventh Circuit.[15] The court noted in *Patton v. MFS/Sun Life Financial Distributors, Incorporated,* that "whether the plan administrator faced a conflict of interest" is one of many factors that district courts can consider when determining whether, in ERISA cases, to allow evidence in that is outside of the administrative record.[16] Yet the Seventh Circuit has also held that because the *de novo* standard requires the district court to come to its own, independent, determination about an employee's entitlement to benefits, what happened before the plan administrator "is irrelevant."[17] We find District Judge Leinenweber's summation in *Shepherd v. Life Insurance Company of North America* most helpful: the issue is most certainly

---

[14] *Krolnik,* 570 F.3d at 843.
[15] *See, e.g., Patton v. MFS/Sun Life Fin. Distribs., Inc.,* 480 F.3d 478, 491 (7th Cir. 2007)(listing relevant factors courts consider when determining whether to allow additional evidence outside of the administrative record); *see also Diaz v. Prudential Ins. Co. of Am.,* 499 F.3d 640, 643 (7th Cir. 2007)(explaining that "[w]hat happened before the Plan administrator or ERISA fiduciary is irrelevant," citing to *Patton*).
[16] 480 F.3d 478, 491 (7th Cir. 2007).
[17] *Diaz v. Prudential Ins. Co. of Am.,* 499 F.3d 640, 643 (7th Cir. 2007).

unsettled, but no case has definitively foreclosed the court's discretion to allow discovery.[18] We, therefore, agree with Prudential that *Patton* does not endorse probing into what happened before the plan administrator. But because we have discretion, we move on to the more pertinent question: is this evidence relevant.

When determining whether the deposition plaintiff seeks to take is relevant, we again run into some unsettled territory. In *Shepherd,* the court found plaintiff's claim that the insurance company was specifically discriminating against her employer's claimants enough to warrant discovery on the claims process.[19] In that case, the court went so far as to say that as long as the allegation raised the question "regarding the *why* and *how*" of the defendant's decision, such evidence could be "relevant as part of the ultimate inquiry into whether the contract was honored."[20]

But in a more recent case, District Judge Tharp took a narrower view. In *Yasko v. Reliance Standard Life Insurance Company,* the court found that where the plaintiff presented "no such extenuating circumstance," such as discrimination, evidence solely explicating the insurer's review process was irrelevant.[21] Prudential also cites two additional district court decisions that precede both *Yasko* and *Shepherd*. Both courts concluded that none of the plaintiff's proposed discovery was relevant because any discovery relating to "why" the insurer denied the plaintiff's claim, and not whether the plaintiff was disabled, was irrelevant.[22]

---

[18]No. 11C3846, 2012 WL 379775 *3 (N.D. Ill. Feb. 3, 2012)(noting that *Diaz v. Prudential* in its decision foreclosing discovery cites to *Patton v. MFS*).
[19]No. 11C3846, 2012 WL 379775 *3.
[20]*Shepherd,* No. 11C3846, 2012 WL 379775 *3.
[21]No. 12C2658, 2012 WL 4797795, *2 (N.D. Ill. Oct. 9, 2012).
[22]*See Kuznowicz v. Wrigley Sales Co., LLC et al.,* No. 11C165, 2011 U.S. Dist. LEXIS 89996, *3 (N.D. Ill. Aug. 10, 2011)(finding that where plaintiff sought discovery on the reliability of the evidence used in the claims process, how that evidence was weighed, and whether the employees were qualified to weigh that evidence was all irrelevant because it did not speak directly to whether plaintiff was disabled); *see also Walsh v. Long Term Disability Coverage for All Employees Located in US of DeVry, Inc.*, 601 F.Supp.2d 1035, 1043 (N.D. Ill. 2009)(following *Diaz* holding that any procedural violation would be irrelevant).

We can summarize that the Seventh Circuit has been clear that discovery should be allowed where there would be no additional expense in doing so, and certainly in situations where the administrative record lacks necessary medical evidence.[23] But "it is not clear the same holds for issues of motive and conflict of interest."[24]

And that is precisely the discovery plaintiff seeks here. Plaintiff attempts to distinguish his request for discovery from questions of claims procedures by explaining that he seeks to discover "why and how"[25] a certain expert was retained during the claims process - Ephraim K. Brenman - who is a frequently retained insurance file-reviewer. But plaintiff also seeks discovery regarding whether Ms. Formon applied "higher-than-marketplace quality standards," how she weighed the evidence, and why the treating doctor's opinions were rejected. These are the same areas of inquiry our sister courts have deemed irrelevant.[26] Yet plaintiff contends that he should not have to allege a special conflict of interest, as *Yasko* found, because such would rarely be evident on the face of the administrative record alone. Citing to the Supreme Court decision in *Firestone Tire and Rubber Company v. Bruch,* plaintiff asserts that ERISA's requirement of a "full and fair review" necessitates knowledge of procedural violations,[27] and that requires some discovery.

We believe Judge Leinenweber properly acknowledged that though "good or bad faith in honoring a contract is seldom the ultimate question, it can often be potentially relevant as part of the

---

[23]*Krolnik,* 570 F.3d at 843 (holding that the court's refusal to admit medical affidavits the plaintiff procured at his own expense was unjustified).
[24]*Ehas v. Life Ins. Co. Of No. Am.,* No. 12C3537, 2012 WL 5989215, *10 (N.D. Ill. Nov. 29, 2012) (St. Eve, J.).
[25]*See Shepherd,* No. 11C3846, 2012 WL 379775 *3.
[26]*See, e.g., Kuznowicz,* No. 11C165, 2011 U.S. Dist. LEXIS 89996, *3 (N.D. Ill. Aug. 10, 2011)(Hibbler, J.)(listing discovery sought, such as the reliability of the evidence used in the claims process, how that evidence was weighed, and whether the employees were qualified to weigh that evidence, as all irrelevant because it did not speak directly to whether plaintiff was disabled).
[27]*See Firestone Tire and Rubber Co. v. Bruch, etc., et al.,* 489 U.S. 101, 114 (1989)(discussing the *de novo* standard of review).

ultimate inquiry into whether the contract was honored."[28] But we recognize that this is a broader view than that taken by some of our district court colleagues who have focused on the Seventh Circuit's language in *Diaz,* limiting discovery. We are also unable to declare, at this stage in the case, that Ms. Forman's deposition would result in a "high payoff in increased accuracy"[29] because of any specific information plaintiff has shared. Rather, any required "reasonable explanation"[30] for allowing this discovery would be one of *potential* relevance only. Though in some circumstances that may be enough,[31] we struggle to find the necessary connection here. We are bound by the Seventh Circuit's requirement that district courts must clearly establish the need for additional evidence,[32] even in cases of *de novo* review (because, as it has been held, the judge is not "reviewing" anything, but making an "independent decision"[33]), and we are unable to establish it here.

**IT IS SO ORDERED**.

**ENTERED: December 18, 2012**

_____
**UNITED STATES MAGISTRATE JUDGE**
Susan E. Cox

---

[28] *Shepherd,* No. 11C3846, 2012 WL 379775 *3.
[29] *Patton,* 480 F.3d at 492.
[30] *Patton,* 480 F.3d at 491(holding that the district court must "provide a reasonable explanation for its decision" to limit or permit additional evidence in an ERISA matter).
[31] *See Shepherd,* No. 11C3846, 2012 WL 379775 *4(finding that plaintiff's requested discovery was "potentially relevant."); *see also Walsh*, 601 F.Supp.2d at 1040 (noting that evidence that the record was tainted or unreliable is relevant to the "court's 'informed and independent judgment'" of the plaintiff's claim).
[32] *Patton,* 480 F.3d at 491.
[33] *See Krolnik,* 570 F.3d at 844.